IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

BRIAN E. MC DERMOTT,

                Plaintiff,

v.                                Civ. Action No.
                                      6:11-CV-1057 (GTS/DEP)

JAMES CODY, Syracuse VAMC
HR Director, MARK ANTONELLI, Syracuse
VAMC HR Director, and LUCINDA
WALTS, Syracuse VAMC Nurse Recruiter,

                Defendants.

------------------------------------------------------------

APPEARANCES:

BRIAN E. MC DERMOTT
Plaintiff, *pro se*

DAVID E. PEEBLES
UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

I.     BACKGROUND

On September 7, 2011, *pro se* plaintiff Brian Mc Dermott filed this action, together with an application to proceed *in forma pauperis* ("IFP") and a request for appointment of *pro bono* counsel. See Dkt. Nos. 1-2. In his complaint, plaintiff alleges that defendants violated the Veterans Preference Act ("VPA"), 5 U.S.C. § 2108 *et seq.*, by denying him an employment

1

interview despite the fact that he is a Vietnam veteran.  By decision and order dated October 18, 2011, Dkt. No. 5, I denied plaintiff's IFP application and request for appointment of *pro bono* counsel because plaintiff had not adequately shown that he qualifies for IFP status due to his submission of an incomplete IFP application.  Affording plaintiff an opportunity to resubmit his application, I directed that plaintiff either pay the $350.00 required fee for commencing this action or submit a renewed *in forma pauperis* application within thirty (30) days of the filing date of the court's order, and also advised that should plaintiff fail to timely comply with my decision and order, I would issue a report and recommendation to District Judge Glen T. Suddaby recommending dismissal of the action.  Despite the fact that more than thirty days have passed since the court issued its decision and order, plaintiff has failed submit a renewed IFP application, or to pay the filing fee.

Local Rule 5.2 requires that "[a] party commencing an action or removing an action from a state court must pay to the clerk the statutory filing fee before the case will be docketed and process issued." N.D.N.Y.L.R. 5.2(a).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a

plaintiff to prosecute an action or comply with any order of the court.[1]  *Link v. Wabash R.R. County Independent Sch. Dist.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994) (other citations omitted)).  The power of a court to dismiss an action for failure to prosecute is inherent and may be exercised *sua sponte*.  *Lindsey v. Loughlin*, 616 F. Supp. 449, 453 (E.D.N.Y Aug. 13, 1985) (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89 ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).

---

[1]  Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Under the authority of Federal Rule of Civil Procedure 41(b), the court's local rules, and its inherent power to manage its own docket, courts in this district routinely dismiss complaints for failure to comply with a court order directing the payment of the filing fee. *Ed-George v. Burns*, No. 1:09-CV-0869, 2010 WL 4340258, at *1 (N.D.N.Y. Oct. 27, 2010) (Suddaby, J.); *see also Sykes v. New York State Child Support Processing Ctr.*, No. 1:11-CV-797, 2011 WL 3652419, at *3 (Aug. 19, 2011) (Mordue, C.J.); *Wapnick v. Comm'r of Internal Revenue*, 365 F.3d 131, (2d Cir. 2004).

WHEREFORE, it is hereby respectfully

RECOMMENDED that plaintiff's complaint be dismissed without prejudice for failure to timely comply with this court's order and failure to pay the filing fee.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the parties in accordance with this court's local rules.

Dated: December 5, 2011
       Syracuse, New York

/s/ David E. Peebles
David E. Peebles
U.S. Magistrate Judge